## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers 620 F Street, N.W. Washington, D.C. 20004,** | ) ) ) ) ) ) ) |
| **and** | ) ) |
| **INTERNATIONAL MASONRY INSTITUTE, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers 620 F Street, N.W. Washington, D.C. 20004,** | ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) ) |
| **LIBERTYVILLE TILE & CARPET, LTD.** 550 W. Peterson Road Libertyville, Illinois 60048, | ) ) ) ) |
| Serve: Registered Agent **Thomas Barrie** **550 W. Peterson Road** **Libertyville, Illinois 60048** | ) ) ) ) ) |
| **Defendant.** | ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUNDS AND FOR EQUITABLE RELIEF)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

## PARTIES

1.      Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The International Pension Fund is administered at 620 F Street, N.W., in Washington D.C.   The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).   The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2.      Plaintiff, International Masonry Institute is an employee welfare benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The International Masonry Institute is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The International Masonry Institute was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The International Masonry Institute, for purposes of collections, is administered at 620 F Street, N.W., in Washington D.C.   The members of the Board of Trustees of the International Masonry Institute are fiduciaries as provided in the International Masonry Institute's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).   The Trustees bring this action for the benefit of the beneficiaries of the International Masonry Institute.

3.     Defendant Libertyville Tile & Carpet, Ltd. is an Illinois corporation and has an office located at 550 W. Peterson Road, in Libertyville, Illinois, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

4.     This is an action to collect contributions and other amounts due to employee benefit plans under the terms of a collective bargaining agreement and trust agreements and for other appropriate equitable relief.  This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

6.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

7.     Defendant Libertyville Tile & Carpet, Ltd. has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 21 – Illinois ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

8.     Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiffs for all hours of work it performed which is covered by the Collective Bargaining Agreements.

9.      During the months of January through March 2017, the Defendant performed work covered by the Collective Bargaining Agreements.

10.      During the months of January through March 2017, the Defendant has failed to report and pay all amounts owing to the Plaintiffs as required by the Collective Bargaining Agreements and the Plaintiffs' Restated Agreements and Declarations of Trust.

11.      Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

12.      Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C),  an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

13.      Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs for collection.

## COUNT I

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS)

14.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15.     During the months of January through March 2017 the Defendant reported to the Local, but failed to pay, contributions owing to the Plaintiffs under the Collective Bargaining Agreements for work performed in Local Union No. 21-IL, cover group 2, in the amount of $3,779.51.  In addition, the Defendant has failed to pay interest owed on this amount at the rate of 15% per annum from the date due of each monthly payment through the date paid, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment through the date paid, or $755.93 in liquidated damages calculated at the rate of 20% of the total contributions owed.

16.     During the months of January through March 2017 the Defendant reported to the Local, but failed to pay, contributions owing to the Plaintiffs under the Collective Bargaining Agreements for work performed in Local Union No. 21-IL, cover group 3, in the amount of $532.33.  In addition, the Defendant has failed to pay interest owed on this amount at the rate of 15% per annum from the date due of each monthly payment through the date paid, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment through the date paid, or $106.48 in liquidated damages calculated at the rate of 20% of the total contributions owed.

17.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

18.     Plaintiffs are entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each month payment through the date paid, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment through the date paid, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

19.     Plaintiffs will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, after March 2017, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

## COUNT II

### (INJUNCTIVE RELIEF)

20.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21.     Defendant, pursuant to the Collective Bargaining Agreements, Plaintiffs' Restated Agreements and Declarations of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, agreed to report hours and make timely contributions to the Plaintiffs in the amounts and on the dates required

by the Collective Bargaining Agreements, Restated Agreements and Declarations of Trust, and General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers

22.     Defendant has repeatedly failed to submit timely reports and pay contributions to the Plaintiffs.  Plaintiffs' counsel has had to pursue payments and demand payments from the Defendant in order to force the Defendant to pay delinquent contributions as required by the terms of the Collective Bargaining Agreements, Restated Agreements and Declarations of Trust, and General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers.

23.     This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of ERISA and an employee benefit plan and threatens the Plaintiffs, and the Plaintiffs' participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

24.     By virtue of the failure to make timely payments, the Defendant has caused the Plaintiffs and their participants to suffer the loss of investment income and incur additional administrative expenses as well as deprived the Plaintiffs and their participants of the ability to accurately determine the amount of contributions owed and credit earned by employees during that time period.

25.     The public interest will be served by an issuance of injunctive relief.

**WHEREFORE,** Plaintiffs pray judgment on Counts I and II as follows:

A.     For unpaid contributions due and owing to the Plaintiffs for work performed during the months of January through March 2017 in the amount of $4,311.84 as alleged in Count I, plus interest (calculated at the rate of 15% per annum from the due date of each payment through the date paid), plus $862.41 in liquidated damages (calculated at the rate of 20% of the delinquent contributions).

7

B.      That the Defendant be directed to comply with its obligations to correctly report and contribute to the Plaintiffs in a timely manner in the future as alleged in Count II.

C.      Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreement, Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

D.      For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiffs after March 2017, subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

E.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  February 16, 2018

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Eighth Floor
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
rhopp@odonoghuelaw.com

By:   _____

R. Richard Hopp (Bar No. 432221)
*Attorney for the Plaintiffs*